1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JODI L. CRANE,

             Plaintiff,

       v.

CITY OF DUNSMUIR, et al.,

           Defendants.

Case No.  20-cv-07010-JSC

**ORDER OF TRANSFER**

      Plaintiff Jodi Crane brings this civil rights action against the City of Dunsmuir and various city officials.  (Dkt. No. 1.)  The Court previously granted Plaintiff's application to proceed in forma pauperis and screened her complaint pursuant to 28 U.S.C. § 1915.  In its screening order, the Court noted that the complaint failed to state a claim, appeared to be filed in the wrong venue, and that Plaintiff could not bring the action on behalf of her business without representation of counsel.[1]  (Dkt. No. 9.)  Plaintiff was given the opportunity to file an amended complaint, which she did.  (Dkt. No. 15.)  Because the amended complaint fails to demonstrate that venue is proper pursuant to 28 U.S.C. 1391(b), in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this case is TRANSFERRED to the District Court for the Eastern District of California pursuant to the federal venue statutes.

### BACKGROUND

**A.  First Amended Complaint Allegations**

      The facts and allegations of Plaintiff's amended complaint, like her prior complaint, are difficult to discern.  (*Compare* Complaint, Dkt. No. 1 *with* First Amended Complaint ("FAC"),

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 7, 13.)

1   Dkt. No. 15.)  Plaintiff appears to allege that the City of Dunsmuir, City Manager Todd Juhasz,

2   Fire Chief Daniel Padilla, and Mayor Jiliana Lucchessi, violated her rights under the Fifth and

3   Fourteenth Amendments by taking her property without due process.  (Dkt. No. 15 at 3.[2])   She

4   appears to allege that the Defendants conspired to deny her due process rights after a building

5   inspector falsified a report deeming her business a "danger."  (*Id.* at 4-5.)  As a result, Plaintiff's

6   business was forced to close and she has lost her right to earn a living and all means of support.

7   (Dkt. No. 15-2 at 2.)

8       **B.  Procedural Background**

9       Plaintiff filed this action on October 5, 2020 accompanied by an application to proceed in

10  forma pauperis.  (Dkt. No. 1.)  The Court granted the in forma pauperis application and reviewed

11  the complaint under 28 U.S.C. § 1915.  (Dkt. Nos. 4, 9.)   The Court noted that as currently pled,

12  Plaintiff's complaint failed to state a claim upon which relief could be granted and appeared to be

13  filed in the wrong venue since all the Defendants reside with the Eastern District of California and

14  the events described in the complaint also occurred in the Eastern District of California.  Two days

15  later, Defendants filed a motion to dismiss or transfer venue, which they withdrew upon receipt of

16  the Court's Screening Order.  (Dkt. Nos. 10, 12.)  Plaintiff thereafter filed the now operative

17  amended complaint which omits any claim on behalf of her business JUSTINTIME. (Dkt. No.

18  15.)

19                  **DISCUSSION**

20      Pursuant to the general venue statute governing federal question cases such as this, venue

21  is proper in a judicial district (1) "in which any defendant resides, if all defendants are residents of

22  the State in which the district is located"; (2) "in which a substantial part of the events or

23  omissions giving rise to the claim occurred"; or (3) "if there is no district in which an action may

24  otherwise be brought as provided in this section, any judicial district in which any defendant is

25  subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

26  Moreover, section1404(a) allows a transfer of venue by motion of either party, or by the court sua

27

28  [2] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    sponte, so long as the parties have the opportunity to present their views on the issue. *Costlow v.*

2    *Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

3         Plaintiff's amended complaint fails to demonstrate that venue is proper in this district

4    given that all of the Defendants reside in Dunsmuir, California.  While Plaintiff states that

5    "fairness" favors having the case proceed here because "Defendants Counsil [sic] works in

6    courthouse in jurisdiction of Plaintiff county," the Court does not know what Plaintiff means as

7    defense counsel is a private attorney not affiliated with the District Court for the Eastern District

8    of California.  (Dkt. No. 15-1 at 2.)   In any event, this does not suggest a basis for venue here

9    under Section 1391(b) as none of the Defendants reside here, none of the events giving rise to

10   Plaintiff's Section 1983 claim occurred in the Northern District of California, and finally, there is

11   a district—the Eastern District—wherein Plaintiff could have brought her claims.

12        Accordingly, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this case is

13   TRANSFERRED to the United States District Court for the Eastern District of California.

14        The Clerk of the Court shall transfer this matter forthwith.

15

16        **IT IS SO ORDERED.**

17   Dated: January 4, 2021

18

19

20   JACQUELINE SCOTT CORLEY
     United States Magistrate Judge

21

22

23

24

25

26

27

28

3